```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                     HAMMOND DIVISION
```

DIVERSIFIED SPECIALTIES, INC.,    )
                                  )
Plaintiff,                        )
                                  )
vs.                               )      NO. 2:02-CV-458
                                  )
MAYTAG CORPORATION,               )
                                  )
Defendant.                        )


## OPINION AND ORDER

This matter is before the Court on Diversified Specialties' Motion to Allow an Immediate Appeal Under Rule 54(b) of the Court's Order Invalidating the '402 Patent, filed by Plaintiff on February 16, 2005. For the reasons set forth below, the motion is **GRANTED**. The Court expressly **DIRECTS** the entry of final judgment against Plaintiff, Diversified Specialties, Inc., on its claim of patent infringement.

BACKGROUND

Plaintiff, Diversified Specialties, Inc. ("Diversified"), originally filed suit against Defendant, Maytag Corporation ("Maytag"), for patent infringement. Maytag filed a motion for summary judgment on this claim, which this Court granted in an order dated September 24, 2004. That order completely resolved Diversified's claim. Maytag also filed counterclaims against

Diversified, which this Court has yet to address.  Diversified now seeks an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to Diversified's patent infringement claim.  Diversified seeks the final judgment in order to appeal the decision to the United States Court of Appeals for the Federal Circuit.  The issues have been fully briefed and are ripe for adjudication.

DISCUSSION

It is undisputed Federal Circuit law applies to Rule 54(b) certifications. *See State Contracting & Eng'g Corp. v. Florida*, 258 F.3d 1329, 1334-35 (Fed. Cir. 2001) (citing *Enercon Indus. Corp. v. Pillar Corp.*, 105 F.3d 1437, 1439 n.2 (Fed. Cir. 1997); *Spraytex, Inc. v. DJS&T*, 96 F.3d 1377, 1379 (Fed. Cir. 1996)).  Rule 54(b) provides in part:

> When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

The Rule applies only to an action in which multiple claims are presented, and one or more but fewer than all the claims have been finally decided. *Sear, Roebuck & Co. v. Mackey*, 351 U.S. 427 (1956). In the instant case, there is no issue concerning whether the infringement claim was finally decided; therefore, the Court turns to

the question of whether there should be any just reason for delay of entry of final judgment. In *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980), the Supreme Court clarified the scope and purpose of Rule 54(b):

> Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims. The function of the district court under the Rule is to act as a dispatcher. It is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised in the interest of sound judicial administration. Thus, in deciding whether there are no just reasons to delay the appeal of individual final judgments . . ., a district court must take into account judicial administrative interests as well as the equities involved. Consideration of the former is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.

*Curtiss-Wright Corp.*, 446 U.S. at 8 (quotation marks and citations omitted). The Court considered two specific factors proper "judicial administrative interests": "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*; *see also W.L. Gore & Assoc., Inc. v. Int'l Medical Prosthetics Research Assoc., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992). However, even when the appellate court would be required to review the same issues in subsequent appeals,

-3-

certification might be appropriate if the district judge determined "an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." *Id.* at 8 n. 2; *see Cold Metal Process Co. v. United Eng'g & Foundry Co.*, 351 U.S. 445, 450 n. 5 (1956). The court of appeals for the Federal Circuit has further explained that the controlling factor is whether there is no just reason to delay the appeal. *See W.L. Gore*, 975 F.2d at 862.

At the outset, the Court notes some other courts have entered Rule 54(b) judgments in similar cases involving patent claims. *See, e.g., Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, No. Civ. J91-0542 (W)(S), 1995 WL 918082, at *1 (S.D. Miss. Dec. 1, 1995); *Fromson v. Advance Offset Plate, Inc.*, 219 U.S.P.Q. (BNA) 83 (D. Mass. 1983), *vacated by* 720 F.2d 1565 (Fed. Cir. 1983); *Universal Athletic Sales Co. v. Am. Gym, Recreational & Athletic Equip. Corp., Inc.*, 480 F. Supp. 408, 411 (W.D. Pa. 1983). In fact, *Triology* is quite similar to the instant case, in that the district court granted defendant's motion for summary judgment, and entered a final judgment while defendant's counterclaim of unenforceability based on inequitable conduct remained pending. Furthermore, *Triology* was appealed to the Federal Circuit, and the Federal Circuit heard the appeal and affirmed the district court's ruling on the merits of the patent claim. *See Triology Communications, Inc. v. Times Fiber Communications, Inc.,* 109 F.3d 739 (Fed. Cir. 1997).

More importantly, the Court finds there is no just reason for

delay of the entry of the final judgment pursuant to Rule 54(b) on Plaintiff's claim of patent infringement.  The Court believes the prospects for settlement are better if the Federal Circuit hears the patent infringement claim at this time.  Should that court find the patent invalid, this case has a good chance of settling, because the remaining claims involve, for the most part, only attorney fees.  Should that court find the patent valid, there would still be a good chance of settling this case.  In any event, and even if the case cannot be settled, the Court firmly believes entering a final judgment now would ultimately lead to an earlier disposition of this case.

Defendant argues a final judgment will not eliminate the potential for duplicate trials. (*See* Def.'s Br. in Opp'n to Mot. to Allow an Immed. Appeal Under Rule 54(b), p. 4.)  Defendant assumes the first trial will involve its counterclaims, and the potential second trial will involve patent infringement, should the Federal Circuit find the patent valid and reverse this Court.  The Court does not agree.  First, as the case currently stands, the Court has concerns about whether there will be a trial at all on Defendant's counterclaim of unenforceability based on inequitable conduct.  *See, e.g., Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (citing *Ross v. Bernhard*, 396 U.S. 531, 538 (1970); *United States v. Louisiana*, 339 U.S. 699, 706 (1950)) (explaining the defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide); *see also Gardco Mfg.,*

*Inc. v. Herst Lighting Co.*, 802 F.2d 1209, 1211-13 (Fed. Cir. 1987). Second, the Court is willing to entertain a motion to stay these proceedings, should Plaintiff appeal. That way, in the event the Federal Circuit reverses, then one trial could be held that encompasses both the patent infringement claim as well as Defendant's counterclaims. Of course, if the Federal Circuit affirms, then one trial can be held to hear all the remaining claims, assuming there is a trial at all.

Defendant also argues "Maytag's counterclaim for unenforceability of the '402 patent of Diversified is so intertwined with Maytag's counterclaim for invalidity that the Federal Circuit might be required to consider the same issues a second time." (Def.'s Br. in Opp'n to Mot. to Allow an Immed. Appeal Under Rule 54(b), p. 1.) While there may be some factual overlap, most of the factual issues, and all of the legal issues, are completely different. For patent infringement, the Federal Circuit will be considering whether the patent is invalid because it is not "ornamental" as required by 35 U.S.C. section 171. On the other hand, for the claim of unenforceability based on inequitable conduct, the Court would be considering conduct that occurred during the prosecution of the patent. Such consideration will include whether there was a material misrepresentation or omission, and whether the patentee acted with the intent to deceive the patent office. The facts substantiating this second claim have not been considered by this Court (and may or may not even be before

-6-

this Court), as the Court did not consider those facts in ruling on the claim of patent infringement.  Because the claims, and the respective elements for these claims, are separate, as are a majority of the facts supporting them, this Court does not believe any successive appeals will result in the Federal Circuit having to decide the same issues more than once.

CONCLUSION

For the reason set forth above, Diversified Specialties' Motion to Allow an Immediate Appeal Under Rule 54(b) of the Court's Order Invalidating the '402 Patent is **GRANTED**.  The Court expressly **DIRECTS** the entry of final judgment against Plaintiff, Diversified Specialties, Inc., on its claim of patent infringement.

**DATED:  April 13, 2005**         S/RUDY LOZANO, Judge
                                   **United States District Court**